IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW M. KING,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 1:CV-07-00375 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CAMERON LINDSAY,** | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Andrew M. King ("King"), an inmate currently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania. King is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons set forth below, the petition will be denied.

**I.    Statement of Facts**

On January 3, 1997, King was arrested and imprisoned by New York state authorities for possession of narcotics, resisting arrest, and violation of parole. (Doc. 8-2 at 8.) The possession and resisting arrest charges were later dismissed; however, New York continued to detain him on the parole violation

charges. (*Id*.) Consequently, on May 19, 1997, New York local authorities issued a parole violator warrant for King. (*Id*. at 4.) From January 3, 1997, through August 26, 1997, King remained in the primary custody of New York authorities.

On August 27, 1997, King was produced from New York state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to answer to charges of murder in the aid of racketeering, *see* 18 U.S.C. § 1952(b), conspiracy to distribute and possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(b)(1)(A), and possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1) & 841(b)(1)(A), in the United States District Court for the Eastern District of New York. (*Id*.) After pleading guilty to all charges, King was sentenced on October 4, 1999, to a term of imprisonment of 144 months, to run concurrent to a state sentence. (Doc. 8-2 at 25.)

On November 8, 1999, King was returned to the custody of the State of New York. (*Id*. at 4.) However, during the period of time, August 27, 1997, through November 8, 1999, New York authorities still maintained primary custody over King, with federal officials assuming secondary custody.

On July 11, 2000, New York authorities revoked King's parole and sentenced him to a term of imprisonment of not less than seven (7) years and not more than twenty-one (21) years. (*Id*.) At that time King received credit toward his state sentence from May 19, 1997 (the date the parole violator warrant was issued), through July 10, 2000 (the day prior to revocation of his parole). (Doc. 8-2 at 8.) King was paroled from his state sentence on March 24, 2006, at which time federal authorities assumed primary custody. (Doc. 8-2 at 4.)

After it assumed federal custody of King, the BOP calculated his federal sentence. King filed the instant petition for writ of habeas corpus pursuant to 18 U.S.C. § 2241 on February 27, 2007 (Doc. 1), challenging that calculation. On March 6, 2007, an order to show cause was issued, directing the respondent to reply to King's petition. (Doc. 6.) The matter is now ripe for disposition.

**II.   Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see United*

3

*States v. Addonizio*, 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, King has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not begin to run when a

defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances. Further, the jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant case, King seeks prior custody credit toward his federal sentence from January 3, 1997, through November 8, 1999 (a total of 1,039 days). (*See* Doc. 5-2 at 1.) However, Respondent claims that the BOP has already awarded King prior custody credit toward his federal sentence from January 3, 1997, through May 18, 1997,[1] and October 4, 1999 (the date of his federal sentencing), through November 8, 1999 (the date he was returned to state custody). (Doc. 8 at 5.) Therefore, Respondent claims, the time period at issue in the instant petition is May 19, 1997, through October 3, 1999.

---

[1] In his response to the instant petition, Respondent explains that initially King was not granted prior custody credit toward his federal sentence from the date of his arrest by state authorities on January 3, 1997, through October 3, 1999, the day prior to his federal sentencing. (Doc. 8 at 3.) However, upon review of the petition, the BOP discovered that New York authorities only awarded King prior custody credit from May 19, 1997, through July 10, 2000, toward his state parole violator sentence. (*Id*.) As a result, the BOP determined that King was entitled to prior federal custody credit from January 3, 1997 (the date of his arrest by state authorities), through May 18, 1997 (the day before state authorities issued the parole violator warrant), a total of 136 days. (*Id*.) Therefore, King's federal "sentence monitoring computation data" was updated to reflect the additional 136 days of prior custody credit. (*Id*.) Assuming King maintains good conduct, his projected release date from federal custody is November 1, 2009. (Doc. 8-2 at 15.)

In his reply to the response, King acknowledges this award of credit, but argues that he is also entitled to credit for all the time he spent in federal custody under the writ of habeas corpus *ad prosequendum* (August 27, 1997, through November 8, 1999, a total of 803 days) because state authorities had relinquished primary jurisdiction over him during that period of time pursuant to the federal writ. His claim is without merit. *See Ruggiano*, 307 F.3d at 125 n.1 ("time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence."). State authorities had not "relinquished the instant offense" because King had not yet been sentenced in state court; rather, sentencing on his state parole violations was deferred pending his federal prosecution.

His parole was subsequently revoked on July 11, 2000, and he was sentenced to a state term of imprisonment. At that time, the state court awarded King credit toward his state sentence from May 19, 1997, through July 10, 2000. As a result, under 18 U.S.C. § 3585(b), King was not entitled to receive credit toward his federal sentence for the same time period because that time

had already been credited against his state sentence. The BOP did not err in its calculation of King's federal sentence.[2]

### III. Conclusion

Based on the foregoing, King has been awarded all credit to which he is entitled. Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: July 11, 2007.

---

[2] In his petition, King argues that the sentencing court intended to grant him credit toward his federal sentence pursuant to section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G."). (*See* Doc. 1 at 5-6.) However, in his reply to the response to his petition, King asserts that he "was merely bringing light to pointing out the [sentencing court] . . . show of willingness to run sentence concurrent with New York State, and Application Note 2 to Section 5G1.3 . . . ." He then acknowledges that the sentencing court intentionally did not grant him credit under U.S.S.G. § 5G1.3, but argues that "[h]ad judge Glasser exercised authority under U.S.S.G. 5G1.3(c) B.O.P. would have been required to effectuate the sentence imposed by the court." (*Id*. at 6.) Therefore, since the sentencing court did not impose an adjusted sentence pursuant to § 5G1.3, and since the BOP does not have authority to impose an adjusted sentence pursuant to § 5G1.3, King's argument for entitlement to credit toward his federal sentence need only be addressed pursuant to 18 U.S.C. § 3585.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANDREW M. KING,** :
:
    **Petitioner,** : CIVIL NO. 1:CV-07-00375
:
**v.** : (Judge Rambo)
:
**CAMERON LINDSAY,** :
:
    **Respondent.** :

## **ORDER**

AND NOW, this 11th day of July, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge